UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHARTER ASSET MANAGEMENT FUND, L.P.,<br><br>Plaintiff,<br><br>v.<br><br>INDIANA COLLEGE PREPARATORY SCHOOL, INC., et al.,<br><br>Defendants. | Case No. 5:17-cv-03577-EJD<br><br>**ORDER REMANDING CASE** |

On June 27, 2017, Magistrate Judge Howard R. Lloyd issued an order to show cause regarding subject matter jurisdiction requiring Defendants Massa Financial Solutions, LLC and Christopher David Massa (collectively, "Defendants") to file a response with evidence, in reference to Plaintiff Charter Asset Management Fund, LP ("Plaintiff"), "that all of the partners of the limited partnership are diverse in citizenship from the Defendants." Dkt. No. 7. Judge Lloyd observed that in a diversity action like this one, the existence of federal jurisdiction depends on the citizenship of each of the partners of a limited partnership, and the citizenship of each of the owners/members of a limited liability corporation. Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).

Defendants' Notice of Removal was facially defective because it did not supply this information for each of Plaintiff's partners, despite Defendants' obligation to provide it at the time of removal. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."); see also Strotek Corp. v. Air Transp.

Ass'n of Am., 300 F.3d 1129, (9th Cir. 2002) (holding that the "core principle of federal removal jurisdiction on the basis of diversity" is that "it is determined (and must exist) as of the time the complaint is filed and removal is effected"); see also DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n.3 (2006) (holding that because "federal courts lack jurisdiction unless the contrary appears affirmatively from the record, the party asserting federal jurisdiction when it is challenged has the burden of establishing it."). And, importantly, "the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." Kanter, 265 F.3d at 857. A "natural person's state citizenship is . . . determined by her state of domicile, not her state of residence." Id.

This case has since been reassigned to the undersigned, and Defendants filed a timely response to the order to show cause indicating in a declaration that Plaintiff's website identifies its partners "as living in California." Dkt. No. 8. Defendants' response, however, does not satisfy its burden to affirmatively demonstrate federal subject matter jurisdiction under these circumstances. As noted, diversity jurisdiction is established based on citizenship, not residence, because "[a] person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Kanter, 265 F.3d at 857.

Accordingly, the court finds that Defendants have not adequately established diversity of the parties in response to the order to show cause. The court must therefore presume that it lacks jurisdiction to proceed further. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (holding that "[i]t is to be presumed that a cause lies outside" federal jurisdiction).

Consequently, this action is REMANDED to Santa Clara County Superior Court and the Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: July 6, 2017

_____
EDWARD J. DAVILA
United States District Judge